# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**

**CRIMINAL ACTION**

**VERSUS**

**NO.  15-173-BAJ-EWD**

**JESSE BURCHAM**

## MOTION TO SUPPRESS EVIDENCE AND STATEMENTS

NOW INTO COURT comes the defendant, through undersigned counsel, who moves to suppress the evidence seized during a traffic stop on Interstate 12 in Baton Rouge, Louisiana, and any statements he made to law enforcement agents thereafter for the following reasons:

1.

On October 16, 2015, Officer Rusty Jenkins, an officer with the Louisiana State Police Department, conducted a traffic stop on the defendant for speeding. Defendant was allegedly traveling 69 mph in a 60 mph zone.

2.

Officer Jenkins made contact with the defendant and informed him of this speeding violation. Officer Jenkins decided to conduct a roadside interview with the defendant. While conducting the interview, Officer Jenkins asked the defendant about his travels, since the vehicle bore a Florida license plate, to which the defendant explained he works in the private security business and was heading to Colorado. Officer Jenkins then learned the defendant was not carrying a firearm, which he found to be suspicious. He inquired again where the defendant worked and the defendant again advised Colorado. The officer noted the defendant's "elongated response" as suspicious. The officer also inquired about the defendant's taillights. Officer Jenkins believed the defendant's taillights were "brighter than normal." Citing the defendant's "nervousness," lack of gun, "elongated response" and because Officer Jenkins believed that the defendant was being untruthful about his travels, he

handcuffed the defendant, illegally arresting him on nothing beyond mere suspicion. Pursuant to the defendant's consent, which was not freely given, officers searched the vehicle on scene, finding nothing. Regardless, officers seized not only the defendant's car but also his person, cuffing, arresting and ultimately transporting him to the DEA Office, where they executed further warrantless search, dismantling his vehicle.

3.

The officers violated the defendant's Fourth Amendment rights by prolonging the traffic stop beyond the reasonable time required to issue a speeding ticket. Once the computer check was completed and Officer Jenkins either issued a citation or determined that no citation should be issued, the detention should have ended and the defendant should have been free to leave.

4.

In order to continue the detention after this point, Officer Jenkins must have had a reasonable suspicion supported by articulable facts that a crime has or was being committed, which he lacked. There was no reasonable or articulable suspicion that the defendant was trafficking drugs but Officer Jenkins nonetheless continued his interrogation after the original justification for the stop had ended. In the Affidavit of Probable Cause, Officer Jenkins references the defendant's nervous appearance as the main basis for the interrogation and subsequent search. This does not amount to an articulable fact supporting the reasonable suspicion meant to justify the officer's illegal detention, seizure, arrest and search of the defendant and his belongings. Absent any reasonable basis for these acts, Officer Jenkins violated the defendant's Fourth Amendment rights.

5.

The defendant did not give valid consent to search his vehicle; the consent to search was the product of the unlawful detention. Officer Jenkins never told the defendant he was free to go. In fact, there are no intervening circumstances that occurred between the illegal detention and the consent.

Contrarily, the defendant was **arrested**, handcuffed, placed in the rear of the police unit and transported to the Baton Rouge DEA Office before **any** contraband was ever found. Thus, the consent to search was not an independent act of free will and does not dissipate the taint of the fourth amendment violation.

6.

All evidence seized subsequent to the illegal seizure and search must be suppressed as fruit of the poisonous tree. As the Supreme Court has held, evidence seized in violation of a defendant's Fourth Amendment rights is inherently tainted "fruit of the poisonous tree," and therefore subject to being suppressed. *Wong Sun v United States*, 371 U.S. 471, 488 (1963). Evidence obtained pursuant to a Fourth Amendment violation is "fruit of the poisonous tree" and must be suppressed pursuant to the exclusionary rule. *United States v. Boden*, 854 F.2d 983, 990 (7th Cir. 1988).The evidence the officers obtained came directly from the illegal search of the defendant's car and must be suppressed.

7.

Jesse Burcham moves to suppress the evidence seized on October 16, 2015.  He was arrested when no evidence of any crime having been committed presented itself to law enforcement.  He was illegally detained, his vehicle was illegally seized and both he and his car were searched without a warrant, in the absence of any exigency that could justify such unlawful searches.

Additionally, the officers had insufficient probable cause to conduct a lawful, warrantless search. Officers had even less reasonable suspicion to illegally arrest the defendant prior to ever finding any contraband in his vehicle. Any and all evidence that flowed from the unlawful detention, illegal arrest and multiple illegal searches should be classified as fruits of the poisonous tree. He also moves to suppress any statements made to any law enforcement agents, since any such statements flowed from the unlawful arrest and should be classified as fruits of the poisonous tree."

WHEREFORE, and after a hearing has been conducted on this matter, we respectfully

urge the evidence seized from the defendant and the statements he made be suppressed.

Respectfully Submitted:

**MANASSEH, GILL, KNIPE &
BÉLANGER, P.L.C.**


s/ John E. DiGiulio
JOHN E. DIGIULIO
Louisiana Bar No. 04941
Attorney for Defendant
8075 Jefferson Highway
Baton Rouge, Louisiana 70809
Tel: (225) 383-9703
Fax: (225) 383-9704

Respectfully Submitted:

**MANASSEH, GILL, KNIPE &
BÉLANGER, P.L.C.**


s/ Caitlin M. A. Chugg
CAITLIN M. A. CHUGG
Louisiana Bar No. 35708
Attorney for Defendant
8075 Jefferson Highway
Baton Rouge, LA 70809
Tel: (225) 383-9703
Fax: (225) 383-9704

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**

**VERSUS**

**JESSE BURCHAM**

**CRIMINAL ACTION**

**NO.  15-173-BAJ-EWD**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing MOTION TO SUPPRESS EVIDENCE AND STATEMENTS and accompanying MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS with the Clerk of Court by using the CM/ECF which will send a notice of electronic filing to opposing counsel in the United States Attorney's Office.

Baton Rouge, Louisiana this 4TH day of April, 2016.

s/ John E. DiGiulio
JOHN E. DIGIULIO

s/ Caitlin M. A. Chugg
CAITLIN M. A. CHUGG

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**UNITED STATES OF AMERICA**

**CRIMINAL ACTION**

**VERSUS**

**NO.  15-173-BAJ-EWD**

**JESSE BURCHAM**

## ORDER FOR HEARING ON MOTION TO SUPPRESS

IT IS ORDERED that a hearing on the Motion to Suppress filed by the defendant is set for

the _____ day of _____, 2016, at _____ a.m./p.m.


Baton Rouge, Louisiana, this _____ day of _____, 2016.


_____

ERIN WILDER-DOOMES
JUDGE, UNITED STATES DISTRICT COURT