**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 15-173-BAJ-EWD |
| | : | |
| JESSE BURCHAM | : | |

**UNITED STATES' MEMORANDUM OF LAW IN OPPOSITION
TO MOTION TO SUPPRESS**

**MAY IT PLEASE THE COURT:**

Defendant Jesse Burcham has filed a motion to suppress evidence seized as a result of

a traffic stop conducted on his vehicle on May 3, 2015.   In support of his motion, the

defendant makes the following arguments: (1) officers illegally arrested the defendant on

"nothing beyond mere suspicion;" (2) the defendant's consent to search his vehicle was

invalid because it was a result of an illegal arrest and was, therefore, not freely given; and (3)

the duration of the traffic stop was unlawfully prolonged.   The search was conducted

without a warrant.   The United States will prove the following at the hearing on the motion:

(1) the traffic stop was justified at its inception; (2) the duration of the traffic stop was

lawful; and (3) the defendant freely and voluntarily consented to the warrantless search of his

vehicle.   The law applicable to the motion is set out below.

### I.     Burden of Proof

The principle that "searches conducted outside the judicial process, without prior

approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment –

subject only to a few specifically established and well-delineated exceptions" is among those

most firmly ingrained in our constitutional criminal procedure jurisprudence.   Arizona v. Gant, 556 U.S. 332, 338 (2009) (quoting Katz v. United States, 389 U.S. 347, 357 (1967)). Generally, "[t]he proponent of a motion to suppress has the burden of proving, by a preponderance of evidence, that the evidence in question was obtained in violation of his Fourth Amendment rights."   United States v. Kelley, 981 F.2d 1464, 1467 (5th Cir. 1993) (quoting United States v. Smith, 978 F.2d 171, 176 (5th Cir. 1992)).   However, in cases where a search is not conducted pursuant to a warrant, the government bears the burden of proving that the search was valid.   United States v. Waldrop, 404 F.3d 365, 368 (5th Cir. 2005) (citing United States v. Castro, 166 F.3d 728, 733 n.7 (5th Cir. 1999)).

## II.   The Traffic Stop Was Lawful Justified at its Inception

Traffic stops are considered seizures within the meaning of the Fourth Amendment. Delaware v. Prouse, 440 U.S. 648, 653 (1979); United States v. Jones, 234 F.3d 234, 239 (5th Cir. 2000).   However, because a routine traffic stop tends to be "a relatively brief encounter," it is considered "more analogous to a so-called 'Terry stop' . . . than to a formal arrest." Knowles v. Iowa, 525 U.S. 113, 117 (1998) (quoting Terry v. Ohio, 392 U.S. 1 (1968)).   See also Arizona v. Johnson, 555 U.S. 323, 330 (2009).   Thus, courts must analyze the legality of traffic stops under the standard articulated in Terry, which evaluates: (1) whether the officer's action was "justified at its inception," and (2) whether the officer's subsequent actions were "reasonably related in scope to the circumstances that justified the stop in the first place." United States v. Lopez-Moreno, 420 F.3d 420, 430 (5th Cir. 2005) (quoting Terry v. Ohio, 392 U.S. 1, 19-20 (1968)).   "[T]he investigative methods employed should be the least intrusive means reasonably available to verify or dispel the officer's suspicion in a short period of time." United States v. Valadez, 267 F.3d 395, 398 (5th Cir. 2001) (quoting Fla. v. Royer, 460 U.S.

2

491, 500 (1983)).   Thus, "once an officer's suspicions have been verified or dispelled, the detention must end unless there is additional articulable, reasonable suspicion.   'At that point, continuation of the detention is no longer supported by the facts that justified its initiation.'" Id. (quoting United States v. Shabazz, 993 F.2d 431, 436 (5th Cir. 1993)).

### A.     Justified At Its Inception

Regarding the first prong of the Terry analysis, the United States Court of Appeal for the Fifth Circuit has held that "[f]or a traffic stop to be justified at its inception, an officer must have an objectively reasonable suspicion that some sort of illegal activity, such as a traffic violation, occurred, or is about to occur, before stopping the vehicle." Lopez-Moreno, 420 F.3d at 430.   See also Whren v. United States, 517 U.S. 806, 810 (1996) (permitting a police officer to stop a vehicle if he has probable cause to believe a traffic violation has occurred).

During the evidentiary hearing on the defendant's motion, the United States intends to prove through the testimony of the involved law enforcement officers that the initial stop of the defendant was supported by reasonable suspicion.

### B.     The Duration of the Stop Was Lawful

Considering the second prong of the Terry analysis, generally, the "detention must be temporary and last no longer than is necessary to effectuate the purpose of the stop…." United States v. Brigham, 382 F.3d 500, 507 (5th Cir. 2004) (en banc).   However, it is well-established that while effectuating the stop, a police officer may examine the driver's license and registration, as well as run a computer check to ascertain whether the driver has any outstanding warrants or if the vehicle is stolen.   Id. at 507–08.   An officer may also ask the driver about the purpose and itinerary of his trip, including other unrelated questions.   Id.

at 508.   Indeed, the officer's questions need not even be related to the purpose of the traffic stop, since "[d]etention, not questioning, is the evil at which <u>Terry's</u> second prong is aimed." <u>Id.</u> (quoting <u>United States v. Shabazz</u>, 993 F.2d 431, 436 (5th Cir. 1993)).   Even still, any unrelated questions or checks must be conducted in such a way that it does not "prolong[] the stop, absent the reasonable suspicion ordinarily demanded to justify detaining an individual."   <u>Rodriguez v. United States</u>, 575 U.S. _____ , 135 S. Ct. 1609, 1615 (2015).   It is equally true that a consensually prolonged encounter does not amount to a prolonged detention.   <u>See</u> <u>Brigham</u>, 382 F.3d at 508 (noting that "a consensual interrogation may follow the end of a valid traffic stop and that such consensual encounters do not implicate Fourth Amendment concerns") (citing <u>United States v. Sanchez-Pena</u>, 336 F.3d 431, 442–43 (5th Cir. 2003)).   Thus, the Court finds that <u>Rodriguez</u> does not govern; instead, the inquiry here turns on whether the driver's consent was freely and voluntarily given.

During the evidentiary hearing on the defendant's motion, the United States intends to prove through the testimony of the involved law enforcement officers that the officers did not unlawfully extend the duration of the traffic stop.

### III.   The Consent to Search Was Valid

A search conducted pursuant to consent serves as one of the few specifically established and well-defined exceptions to the warrant requirement.   <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 219 (1973).   Importantly, "[c]onsent to search may, but does not necessarily, dissipate the taint of a fourth amendment violation."   <u>United States v. Jenson</u>, 462 F.3d 399, 406 (5th Cir. 2006) (United States v. Chavez–Villarreal, 3 F.3d 124, 127 (5th Cir. 1993)).   However, "[t]o be valid, consent to search must be free and voluntary."   <u>United States v. Olivier–Becerril</u>, 861 F.2d 424, 425 (5th Cir. 1988) (citing <u>Bumper v. North Carolina</u>,

391 U.S. 543 (1968); United States v.Galberth, 846 F.2d 983 (5th Cir. 1988).   To rely upon

the consent exception, the prosecution must show by a preponderance of the evidence first,

"that the consent was given voluntarily…. Second,...that either the defendant himself

consented to the search or that consent was obtained from a third party that had the ability to

furnish valid consent."   United States v. Jenkins, 46 F.3d 447, 451 (5th Cir. 1995).

With respect to the first prong, the voluntariness of consent is "a question of fact to be

determined from the totality of all the circumstances."   Schneckloth, 412 U.S. at 227.   In

evaluating the voluntariness of consent, courts have traditionally considered six factors: (1) the

voluntariness of the defendant's custodial status; (2) the presence of coercive police

procedures; (3) the extent and level of the defendant's cooperation with the police; (4) the

defendant's awareness of his right to refuse to consent; (5) the defendant's education and

intelligence; and (6) the defendant's belief that no incriminating evidence will be found.

United States v. Morales, 171 F.3d 978, 982-83 (5th Cir. 1999); United States v.

Olivier-Becerril, 861 F.2d 424, 426 (5th Cir. 1988) (citations omitted).   All six factors are

relevant, but no single one is dispositive or controlling.   Olivier-Becerril, 861 F.2d at 426

During the evidentiary hearing on the defendant's motion, the United States intends to

prove through the testimony of the involved law enforcement officers that the officers properly

relied on the defendant's consent, which was freely and voluntarily given, to extend the traffic

stop and search the defendant's vehicle.

**IV.   The Scope of the Search Was Lawful**

The Scope of a consensual search may be limited by the expressed object of the

search. Florida v. Jimeno, 500 U.S. 248, 251 (1991).   Where an officer does not express the

object of the search, the searched party, who knows the contents of the vehicle, has the

responsibility explicitly to limit the scope of the search.   United States v. Mendoza-Gonzalez, 318 F.3d 663, 666 (5th Cir. 2003).   General consent to search a vehicle does not give an officer *carte blanche* over the vehicle.   Id. at 669.   A search must still be reasonable, given the totality of the circumstances.   Id.   In United States v. Garcia, 604 F.3d 186 (5th Cir. 2010), the Fifth Circuit found that it was reasonable for law enforcement officers to search for hidden compartments in an automobile pursuant to a consent to a general search.   See Garcia at 190.

If, during the limited scope of the consensual search, officers develop probable cause to believe the vehicle contains contraband or evidence of criminal activity, the officers may expand the search of the vehicle and the containers within it without a search warrant pursuant to the "automobile exception."   Cal. v. Acevedo, 500 U.S. 565, 580 (1991); United States v. Ross, 456 U.S. 798, 804-09 (1982); United States v. Johns, 469 U.S. 478 (1985).   The scope of a search conducted pursuant to the automobile exception may be as broad as "a magistrate could legitimately authorize by warrant.   If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search."   Ross, 456 U.S. at 825.

During the evidentiary hearing on the defendant's motion, the United States intends to prove through the testimony of the involved law enforcement officers that the officers did not unlawfully expand the scope of the search of the defendant's vehicle.

Respectfully submitted,

UNITED STATES OF AMERICA, by

J. WALTER GREEN
UNITED STATES ATTORNEY

/s/ Jamie A. Flowers, Jr.
Jamie A. Flowers, Jr., GABN 940394
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana    70801
Telephone: (225) 389-0443
Fax: (225) 389-0561
E-mail: jamie.flowers@usdoj.gov

7

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 15-173-BAJ-EWD |
| | : | |
| JESSE BURCHAM | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the United States' Memorandum of

Law in Opposition to Motion to Suppress was filed electronically with the Clerk of Court

using the CM/ECF system.   Notice of this filing will be sent to defendant's counsel of record,

Mr. John E. DiGiulio, by operation of the Court's electronic filing system.

Baton Rouge, Louisiana, on this 11th day of April, 2016.


/s/ Jamie A. Flowers, Jr.
JAMIE A. FLOWERS, JR.
ASSISTANT UNITED STATES ATTORNEY