# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| versus : | CRIMINAL NO. 15-173-BAJ-EWD |
| : | |
| JESSE BURCHAM : | |

### UNITED STATES' RESPONSE TO DEFENDANT'S MOTION TO COMPEL

**MAY IT PLEASE THE COURT:**

NOW COMES the United States of America, by J. Walter Green, United States Attorney for the Middle District of Louisiana, through Assistant United States Attorney Jamie A. Flowers, Jr., and in response to the defendant's Motion to Compel, states as follows:

**I. Background**

On December 16, 2015, a Grand Jury returned a two-count Indictment against the defendant for: Count One, possession with the intent to distribute five kilograms or more of a substance containing a detectable quantity of cocaine, and Count Two, possession of cocaine. (Rec. doc. 1). On February 4, 2016, the defendant appeared before the Honorable Erin Wilder-Doomes, United States Magistrate Judge, for his initial appearance and arraignment. (Rec. doc. 10). On February 5, 2016, Judge Wilder-Doomes issued a scheduling order setting, among others, the following deadlines: the defendant had ten days following arraignment to request discovery; the government had five days from service of the defendant's discovery request to respond; the defendant had five days after the due date of the Government's discovery response to file a motion to compel. (Rec. doc. 11). On March 21, 2016, 46 days after the defendant's arraignment, the Government received a letter from the defendant, which was dated March 16,

2016, requesting discovery.[1]  (See Exhibit A).  On March 24, 2016, via facsimile, the Government received a second discovery letter dated January 25, 2016, along with a cover letter dated March 24, 2016.[2]  (See Exhibit B).  On that same day, the Government sent an email to defense counsel with an electronic copy of what the government described as "relevant documents." (See Exhibit C).  Later that day, the Government followed up by sending a formal discovery response to defense counsel via certified mail, which defense counsel received on March 25, 2016.  (See Exhibit D).  On April 5, 2016, 61 days after his arraignment, the defendant filed his motion to compel discovery.  (Rec. doc. 23).  On April 6, 2016, citing errors in his motion, the defendant moved the Court to withdraw his motion to compel discovery.  (Rec. doc. 27).  On that same day, the defendant filed his corrected motion to compel discovery.  (Rec. doc. 28).

## II. Argument

As opposed to the broad scope of discovery in civil cases, the discovery available to a criminal defendant is relatively constricted and is generally circumscribed by four rules: (1) Rule 16; (2) The Jencks Act and Title 18, United States Code, Section 3500; (3) the doctrine set forth in Brady v. Maryland, 373 U.S. 83 (1963); and (4) the doctrine set forth in Giglio v. United States, 405 U.S. 150 (1972).

As of this filing, the Government believes that it has fully complied with the aforementioned discovery requirements.  In fact, the Government has produced all discoverable information that is within its possession.  (See Exhibit C).  The Government is also aware of its duties under Brady, and will provide impeachment information as contemplated in Giglio.  In addition, the Government has voluntarily produced a substantial amount of Jencks material even

---

[1] Note that this March 16, 2016, request for discovery makes no mention of any prior request for discovery.
[2] Note that this March 24, 2016, letter from the defendant is the first correspondence received by the government that makes any reference to a January 25, 2016 request for discovery.

though the Government is not obligated to do so at this time.  Nonetheless, despite the Government responding to the defendant's discovery request made well beyond the deadlines established by the Court and despite the Government providing material above and beyond its discovery obligations, the defendant now requests an order compelling additional disclosure. And, to complicate his request, the defendant has not pointed to a single, specific piece of evidence that the government has allegedly failed to produce or the authority under which the defendant believes he is entitled to said evidence.

First, the defendant requests:

> [a]ll electronic and recorded and documented information about this traffic stop and his arrest, including all communications by the arresting officer(s) with and with each other and with state law enforcement agents, including but not limited to voice calls, text messages, emails, logs as well as any data concerning timing and locations of stop and arrest, personal texts, emails and recordings from officer's personal devices, dash cams, etc.

(Rec. doc. 28, p. 1).

As clearly demonstrated in "Exhibit C," the Government has provided the defendant with everything it has regarding the traffic stop and arrest in this case.  The material requested by the defendant here, beyond what the Government has already provided, simply does not exist. According to the law enforcement officers involved in this case, they did not create any electronic or recorded information related to this stop and arrest beyond what has already been provided.  There was no dash camera footage captured during this investigation.  Likewise, there are no recordings of any communications had between the involved law enforcement officers.

Additionally, the defendant demands the Government to provide personal texts, emails, and recordings from the officers' personal devices.  According to the law enforcement officers, they did not use their personal devices during the course of this traffic stop and subsequent arrest.   The officers utilized their department issued radios to conduct all of their official

communications. These radio communications are not recorded. The Government is not aware of any information that could possibly be discovered on the officers' personal devices to which the defendant is presently entitled. Furthermore, the discovery rules are not designed to enable the defendant to engage in this type of fishing expedition in hopes of possibly finding information favorable to the defense. As such, it is insufficient for the defendant to simply assert that he should be allowed to indiscriminately plunge through the officers' personal communications because he merely hopes the communications "will show if the defendant was in fact perceived to be dangerous and/or in possession of contraband" without any good-faith basis to make such an assertion.

Next, the defendant requests:

> [a] list of all traffic stops made by the law enforcement officers in this case for the period 30 days before and 30 days after, delineating when tickets were given and/or arrests were made.

(Rec. doc. 28, p. 1).

The defendant makes this request without establishing that any of the discovery rules require disclosure of this requested material at this time. The government has produced everything that it has related to *this* traffic stop. There is no evidence that information regarding other traffic stops of other individuals made during a 60-day time frame is even remotely related to this case. Similar to the request above, the rules do not entitle the defendant to engage in a fishing expedition with the hopes of discovering information relevant to the case.

Moreover, even if the defendant were able to somehow demonstrate the materiality of the requested material, the involved officers have made clear that neither they nor their department maintains any such list. Certainly, the rules governing discovery in criminal cases were not envisioned to force the Government to create material at the defendant's behest. The

Government must only produce material it has in its possession. The substance of the information requested by the defendant is public record. If the defendant wishes to comb through police reports of unrelated investigations with the hopes of finding information relevant to his defense and subsequently create a list of this information to his liking, he is undoubtedly entitled to do so. However, the defendant is not entitled to have the Government perform this exercise for him.

>    Lastly, the defendant requests:

>> Information on drug dogs used during the traffic stop and subsequent search of Mr. Burcham's vehicle including but not limited to, the dog's name, age, training information, and the name of the dog handler.

> (Rec. doc. 28, p. 2).

The defendant makes this request without any basis to believe that such information exists. There is nothing in the reports related to this case that even slightly suggests that a canine search was performed in this case. Moreover, upon receipt of the defendant's request for this information, the Government confirmed with the law enforcement officers involved in this case that canines were not utilized in this investigation. If this response does not satisfy the defendant's curiosity regarding this issue, he will have an opportunity during the evidentiary hearing on his motion to suppress to question the officers in detail about the specifics, mechanics, techniques, and resources utilized during the search of the defendant's car.

**III. Conclusion**

For the foregoing reasons, the Government requests that the defendant's motion for an order compelling the above referenced additional disclosures be denied.

                              UNITED STATES OF AMERICA, by

                              J. WALTER GREEN
                              UNITED STATES ATTORNEY

                              /s/ Jamie A. Flowers, Jr.
                              Jamie A. Flowers, Jr., GABN 940394
                              Assistant United States Attorney
                              777 Florida Street, Suite 208
                              Baton Rouge, Louisiana  70801
                              Telephone: (225) 389-0443
                              Fax: (225) 389-0561
                              E-mail:  jamie.flowers@usdoj.gov

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| versus | : | CRIMINAL NO. 15-173-BAJ-EWD |
| | : | |
| JESSE BURCHAM | : | |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the *United States' Response To Defendant's Motion to Compel* was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to John E. DiGiulio counsel, for the defendant by operation of the court's electronic filing system.

Baton Rouge, Louisiana, on this 15th day of April, 2016.

/s/ Jamie A. Flowers, Jr.
Jamie A. Flowers, Jr.
Assistant United States Attorney