UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 3:15-cr-00173-BAJ-EWD |
| versus | : | |
| JESSE BURCHAM | : | |

## POST HEARING SUPPRESSION MEMORANDUM

MAY IT PLEASE THE COURT

## DISCOVERY, SUBPOENAS DUCES TECUM, PUBLIC RECORDS REQUEST:WHY?

Because of some career moves*, it has been a decade or so since this lawyer litigated a highway stop case.  I hope this explains the aggressive attempts to gain information about the practice of law enforcement making these stops.  There was a time when officers making those stops sought frankly to conceal the fact that their real mission was looking for contraband, not enforcement of traffic laws.  It was the documentary and other physical evidence that gave away their real purpose. (See for example *Cormier v. Public Records Request of DiGiulio,* 553 So. 2d 806 (La. 1989), in which the Louisiana Supreme Court upheld the request for traffic tickets which tended to show an inordinate number of stops of vehicles with out of state license plates.)

What has changed apparently is that law enforcement no longer attempts to conceal that these stops are virtual fishing expeditions, that in fact the Fourth Amendment has been further eroded so that random stops no longer need to be camouflaged.

*Counsel left private practice in 2008 to take the newly created position of Trial Level Compliance Officer for the Louisiana Public Defender Board (La. R. S. 15:157) which he held for almost five years.

But it we suggest here that the responses to those efforts in this case, namely that no such information exists or is too difficult to produce, should in fact be held against law enforcement here, akin to a missing witness presumption, particularly in light of the U. S. Supreme Court case of *Rodriguez v. U. S.*, 135 S. Ct. 1609 (2015).

**The Stop**

The law enforcement witnesses make no attempt to conceal their intent.  As part of the Highway Interdiction Group, they clearly use traffic stops as a pretext for conducting searches for contraband.  In this case, the stop was justified based on speeding 69 mph in a 60 mph zone, and two more specious grounds---bright tail lights and drifting within the lane of travel.  What is also clear from the officer making the stop, as documented in his report, is that Florida plates were part of that thought process.  (Testimony of Rusty Jenkins, Transcript pp. 14-54)

Apparently the Fourth Amendment has deteriorated over time so that random stops of U. S. citizens, once the kind of practice found in Eastern European countries, have become the norm.  At some point we suggest that courts return to a more traditional and historic view of the Fourth Amendment which appears to be the direction signaled by Rodriguez.

What is particularly revealing from the officer's testimony is that he did not run a check on Mr. Burcham's driver's license or his automobile's license plates.  Just as significant is what seems to be a recent practice of the "highway interdiction" program that no record of any kind is kept to establish timelines, necessary if a court is to apply *Rodriguez,* supra.  The stop here is a mere fishing expedition and alone merits suppression of the evidence.

**Reasonable Suspicion to Detain**

*Rodriguez*, supra, is a significant attempt by the Supreme Court to put some limits on the use of traffic stops to gain searching rights to vehicles on public streets.  The police are supposed

2

to limit their stops to the amount of time to process the traffic violation, absent some reasonable suspicion to prolong the stop.

In this case, several facts stand out from the officer's testimony.  First, not only did he not process the traffic ticket, he did not even make the standard and routine inquiry from databases about outstanding tickets, warrants, or other information easily obtainable about driving related issues.

Secondly, his cataloguing and testimony supporting his suspicion are weak, to put it mildly.  Going "by Colorado," "elongated answers," and, amazingly enough, **not** having a firearm while driving alone on the Interstate-----these are the facts he uses to justify an extended inquiry.  (Note that prolonging the stop is not allowed even in consent cases. *U.S. v. Santiago,* 310 F. 3d. 336 (5th Cir. 2002)).  (Testimony of Jenkins, supra, and Luke Cowart, pp. 54-87)

Of course, the lack of any kind of evidence, such as logs, text messages, video, phone calls, etc. makes it difficult for a court to determine the extent to which *Rodriguez* guidelines have been followed or violated.   The failure of the Interdiction group to have in place any kind of corroborative record keeping should not be allowed to relieve by default the officers from responsibility.   In fact that failure should create a presumption that such evidence would not be helpful to the officers.

### First Arrest, Second Arrest

But most egregious in terms of a Fourth Amendment violation is the "seizure" of Mr. Burcham by handcuffing him and advising him of his rights before any contraband or other criminal violation has occurred.  Clearly, some thought has gone into attempting to distinguish "detaining" from "arresting."  And once again there is no corroborative physical evidence of timetable, as a result of the policy of not creating any.  (One wonders whether the failure to

document these stops is akin to law enforcement's general resistance to body cameras. Both positions often make the oral testimony of officers the only evidence courts have to rely upon.)

Jesse Burcham was arrested on the side of the road before any evidence of crime. This obviously time-consuming period even though virtually undocumented should be counted in a *Rodriguez* analysis. The second "arrest," at DEA headquarters some time later, was superfluous.

**CONCLUSION**

Each of the three areas discussed above, considered alone, is grounds for suppression of the evidence in this case. Taken together and considered cumulatively, this case cries out for a show of respect for the wounded Fourth Amendment. A hallmark of Fourth Amendment law, for those old enough to remember, is the exclusionary rule, handed down by the U. S. Supreme Court, which sought to deter police from illegal searches and seizures. *Mapp v. Ohio,* 367 U. S. 643 (1961). A case can be made that the so-called War on Drugs has gradually eroded the protections of the Fourth Amendment. This case shows how far that process of erosion has progressed. Police can randomly target citizens for highway stops, trump up weak grounds for prolonging the stop, and then arresting based only on suspicion. The end does not justify the means. The evidence should be suppressed.

Respectfully Submitted:

**MANASSEH, GILL, KNIPE & BÉLANGER, P.L.C.**

s/ John E. DiGiulio
JOHN E. DIGIULIO
Louisiana Bar No. 04941
Attorney for Defendant
8075 Jefferson Highway
Baton Rouge, Louisiana 70809
Tel: (225) 383-9703
Fax: (225) 383-9704
john@manassehandgill.com

Respectfully Submitted:

**MANASSEH, GILL, KNIPE & BÉLANGER, P.L.C.**

s/ Caitlin M. A. Chugg
CAITLIN M. A. CHUGG
Louisiana Bar No. 35708
Attorney for Defendant
8075 Jefferson Highway
Baton Rouge, LA 70809
Tel: (225) 383-9703
Fax: (225) 383-9704
caitlin@manassehandgill.com

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL NO. 3:15-cr-00173-BAJ-EWD** |
| **versus** | : | |
| **JESSE BURCHAM** | : | |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing POST HEARING MEMORANDUM with the Clerk of Court by using the CM/ECF, which will send a notice of electronic filing to opposing counsel in the United States Attorney's Office.

Baton Rouge, Louisiana this 2nd day of September, 2016.

                                                    s/ John E. DiGiulio
                                                    JOHN E. DIGIULIO


                                                    s/ Caitlin M. A. Chugg
                                                    CAITLIN M. A. CHUGG